## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 7280 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Aspen |
| R. H. WILKE III, Star No. 5310, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Valdez |
| D. E. GUZMAN, Star No. 12877, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Officers Raymond H. Wilke and David E. Guzman ("Defendant Officers"), by their attorney, Mary McDonald, Assistant Corporation Counsel for the City of Chicago, hereby submit their answers to plaintiff's complaint, affirmative defenses, 12(b)(6) defenses and jury demand as follows:

### JURISDICTION and VENUE

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendant Officers admit this is an action brought pursuant to 42 U.S.C. § 1983, but deny they engaged in the conduct complained of or deprived plaintiff of rights secured by the Constitution and the laws of the United States.

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:**    Defendant Officers admit jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 and 1367 but deny they engaged in the underlying acts complained of by Plaintiff.

3.    Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**  Defendant Officers admit venue but deny they engaged in the underlying acts complained of by Plaintiff.

## PARTIES

4.    At all times relevant hereto, Plaintiff Michael Lee was a 44 year-old African-American male resident of Chicago, Illinois.

**ANSWER:**    Upon information and belief, Defendant Officers admit the allegations of this paragraph.

5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment and.

**ANSWER:**    Defendant Officers admit the allegations of this paragraph.

6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**    Defendant Officers admit the allegations of this paragraph.

## FACTUAL ALLEGATIONS

7.    On or about December 28, 2006, Plaintiff was a passenger in a vehicle at or near 11700 S. Church Street. in Chicago, Illinois.

**ANSWER:**    Defendant Officers admit the allegations of this paragraph.

8.        At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

9.    At this time, one or more Defendant Officers ordered Plaintiff to exit the vehicle and proceeded to unconstitutionally search Plaintiff and the vehicle, which belonged to Plaintiff's nephew.

**ANSWER:**    Defendant Officers admit that Plaintiff was ordered to exit the vehicle but

2

deny that the search of Plaintiff and the vehicle, which belonged to Plaintiff's nephew, was unconstitutional.

10.    Following this unconstitutional search, Plaintiff was illegally arrested, handcuffed and placed in a police vehicle, at which time Plaintiffs nephew's vehicle was impounded.

**ANSWER:**    Defendant Officers deny that the search was unconstitutional and deny that Plaintiff was illegally arrested. Defendant Officers admit that Plaintiff was arrested, placed in a police vehicle and that Plaintiff's nephew's vehicle was impounded.

11.    At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:**    Defendant Officers admit that they did not have a search warrant or an arrest warrant for Plaintiff. Defendant Officers deny that they did not have probable cause to believe that Plaintiff had committed a crime.

12.    Following the unconstitutional search and seizure, Plaintiff was arrested and taken to the 22nd District Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C.

**ANSWER:**    Defendant Officers deny that the search and seizure of Plaintiff was unconstitutional. Defendant Officers admit Plaintiff was arrested and taken to the 22nd District Chicago Police Station where he was charged with possession of a controlled substance in violation of 720 ILCS 570.0/402C. Defendant Officers deny that these charges were false.

13.    Plaintiff remained in custody until January 16, 2007, when this charge was dismissed for a finding of no probable cause.

**ANSWER:**    Upon information and belief Defendant Officers admit the allegations of this paragraph. Answering further, Defendant Officers state on December 29, 2006, Judge Maura Boyle found probable cause to detain Plaintiff.

## Count 1-42 U.S.C. S 1983 False Arrest

14.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers' answers to paragraphs 1-12 are incorporated herein by reference as though fully set forth.

15.    On December 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause.  These seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Defendant Officers admit on December 28, 2006, Plaintiff was seized and arrested without a warrant. Defendant Officers deny the remaining allegations of this paragraph.

16.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**    Defendant Officers deny they unlawfully and maliciously arrested plaintiff and deny they illegally detained and searched Plaintiff without any legal right to do so. Defendant Officers admit they acted in their official capacity as law enforcement officers, under color of state law and within the scope of their employment at all times relevant to Plaintiff's complaint.

17.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a)    As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b)    As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has

engaged in wrongdoing;

c)   As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d)   Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e)   The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f)   As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g)   As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.  Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h)   The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**      Defendant Officers make no answer to any allegations contained in this

paragraph as this paragraph is only directed against the City of Chicago.

18.    The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s constitutional rights and would cause harm to Plaintiff.

**ANSWER:**      Defendant Officers deny the allegations of this paragraph.

## Count II - False Imprisonment

19.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

5

**ANSWER:**  Defendant Officers' answers to paragraphs 1-12 are incorporated herein by reference as though fully set forth.

20.    Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    Defendant Officers admit jurisdiction of this Court is invoked pursuant to supplemental jurisdiction under 28 U.S.C. § 1367 but deny they engaged in the underlying acts complained of by Plaintiff.

21.    On December 28, 2006, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**  Defendant Officers admit on December 28, 2006, Plaintiff was seized and detained without a warrant. Defendant Officers deny the remaining allegations of this paragraph.

22.    Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**  Defendant Officers deny the allegations of this paragraph.

23.    The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

### Count III - Malicious Prosecution

24.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers' answers to paragraphs 1-12 are incorporated herein by reference as though fully set forth.

25.    Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing.  This false and malicious conduct

resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

26.    Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

27.    Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

28.    On January 16, 2007, Plaintiff's case was dismissed after a finding of no probable cause.

**ANSWER:**  Upon information and belief, Defendant Officers admit the allegations of this

paragraph. Answering further, Defendant Officers state on December 29, 2006, Judge Maura Boyle

found probable cause to detain Plaintiff.

29.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant Officers deny the allegations of this paragraph.

### Count IV - Intentional Infliction of Emotional Distress

30.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers' answers to paragraphs 1-12 are incorporated herein by

reference as though fully set forth.

31.    Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**    Defendant Officers admit that jurisdiction of this court invoked pursuant to

supplemental jurisdiction under title 28 U.S.C. § 1367 but deny they engaged in the underlying acts

7

complained of by Plaintiff.

32.    Defendant Officers' illegal arrest, unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

33.    Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

34.    As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but riot limited to severe physical and emotional harm, legal and other out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:**    Defendant Officers deny the allegations of this paragraph.

### Count V - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

35.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    Defendant Officers' answers to paragraphs 1-12 are incorporated herein by reference as though fully set forth.

36.    Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    Defendant Officers deny that they engaged in the underlying acts complained of by Plaintiff but admit they were acting within the scope of their employment at all times relevant to this complaint.

37.    At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant

8

Officers.

**ANSWER:**    Defendant Officers admit at all relevant times they were employees of the Chicago Police Department acting within the scope of their employment. Defendants deny they engaged in the underlying acts complained of by Plaintiff.

WHEREFORE, Defendant Officers pray this Court dismiss, with prejudice, Plaintiff's Complaint, and to award costs and other relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.    As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances confronting Defendants during the incident which allegedly provides the basis for the present case, would have reasonably believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time. Defendants are, therefore, entitled to qualified immunity.

2.    To the extent that any defendant was working as a police officer, he was acting in the execution and enforcement of the law.  The actions of these officers were not willful or wanton. Therefore, Defendants are immune from liability for the claims alleged because public employees are not liable for their acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2000).

3.    To the extent that any individual defendant was a public employee serving in a position involving the determination of policy or the exercise of discretion he is not liable for any of the claims alleged. 745 ILCS 10/2-201 (2000).

4.    Defendants are not liable for any of Plaintiff's alleged claims because they are

public employee who was acting within the scope of his employment and, as such, Defendants are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5.     Under the Illinois Tort Immunity law, Defendants are not liable for injuries caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

6.      With respect to any wrongful acts alleged by Plaintiffs that occurred while any Defendant was not present, the Defendants cannot be liable. Under the Illinois Tort immunity law, Defendant Officers are not liable for any of Plaintiffs' alleged claims because a public employee, as such and acting within the scope of his employment, is not liable for an injury cause by the act or omission of another person.

## JURY DEMAND

Defendant Officers request a trial by jury.

Respectfully submitted,


*Mary S. McDonald*
MARY McDONALD
Assistant Corporation Counsel
30 N. LaSalle Street,
Suite 1400
Chicago, Illinois 60602
(312) 744-8307
(312) 744-6566 (Fax)
Atty. No. 06199995