IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE, | ) | |
| | ) | **No. 07 C 7280** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ASPEN |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO POLICE OFFICER R.H. WILKE III, Star No. 5310, and CHICAGO POLICE OFFICER D.E. GUZMAN, Star No. 12877, | ) ) ) ) | Magistrate Judge Valdez |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, answers Plaintiff's complaint, and states as follows:

**JURISDICTION and VENUE**

1. **This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' [sic] rights as secured by the United States Constitution.**

**ANSWER:** The City admits that Count I in Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. The City denies the remaining allegations contained in this paragraph.

2. **This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.**

**ANSWER:** The City admits the allegations contained in this paragraph.

3. **Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.**

**ANSWER:** The City admits that venue is proper under 28 U.S.C. § 1391(b) in that, upon information and belief, Defendant Officers Wilke and Guzman reside in this judicial district, and the alleged events giving rise to the claims asserted in this complaint occurred within this district. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## PARTIES

**4.    At all times relevant hereto, Plaintiff Michael Lee was a 44 year-old African-American male resident of Chicago, Illinois.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**5.    At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the [sic] color of the [sic] law and within the scope of their employment.**

**ANSWER:** Upon information and belief, the City admits that the Defendant Officers were acting under color of law and within the scope of their employment when they arrested Plaintiff on December 28, 2006. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**6.    Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.**

**ANSWER:** The City admits that it is a municipal corporation, duly incorporated under the laws of the State of Illinois, and that it employs Defendant Officers Wilke and Guzman. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7. On or about December 28, 2006, Plaintiff was a passenger in a vehicle at or near 11700 S. Church Street in Chicago, Illinois.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8. At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. At this time, one or more Defendant Officers ordered Plaintiff to exit the vehicle and proceeded to unconstitutionally search Plaintiff and the vehicle, which belonged to Plaintiffs [sic] nephew.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. Following this unconstitutional search, Plaintiff was illegally arrested, handcuffed and placed in a police vehicle, at which time Plaintiffs [sic] nephew's vehicle was impounded.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime.

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. Following the unconstitutional search and seizure, Plaintiff was arrested and taken to the 22nd District Chicago Police Station where he was falsely charged

**with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C.**

**ANSWER:** The City admits, upon information and belief, that based upon Chicago Police Department ("CPD") records, Plaintiff was arrested, taken to the 22nd District Chicago Police Station, and charged with possession of a controlled substance in violation of 720 ILCS 570.0/402C. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

13. **Plaintiff remained in custody until January 16, 2007, when this charge was dismissed for a finding of no probable cause.**

**ANSWER:** The City admits, upon information and belief, based upon documents in the City's possession, that the charge for possession of a controlled substance against Plaintiff was dismissed for a finding of no probable cause. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**Count I – 42 U.S.C. § 1983 False Arrest**

14. **Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

**ANSWER:** The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 14.

15. **On December 28, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. This seizures [sic] and arrests [sic] were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.**

**ANSWER:** The City admits, upon information and belief, that based upon CPD records, Plaintiff was arrested. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**16.    Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.**

**ANSWER:**    Upon information and belief, the City admits that the Defendant Officers were acting under color of law and within the scope of their employment when they arrested Plaintiff on December 28, 2006.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**17.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:**

  a.    **As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;**

  b.    **As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;**

  c.    **As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;**

  d.    **Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;**

    **e.**    **The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;**

    **f.**    **As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;**

    **g.**    **As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,**

    **h.**    **The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.**

**ANSWER:** The City is without knowledge sufficient to admit or deny the allegation that the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights. The City denies the remaining allegations contained in this paragraph, including its sub-parts.

    **18.**    **The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s [sic] constitutional rights and would cause harm to Plaintiff.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count II – False Imprisonment**

    **19.**    **Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

**ANSWER:** The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 19.

20. **Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.**

ANSWER: The City admits the allegations contained in this paragraph.

21. **On December 28, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.**

ANSWER: The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. **Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.**

ANSWER: The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

23. **The acts committed by Defendant Officers and Defendant City of Chicago were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff s [sic] constitutional rights and would cause harm to Plaintiff.**

ANSWER: The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### Count III – Malicious Prosecution

24. **Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

ANSWER: The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 24.

7

25. **Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.**

ANSWER:    The City admits that, upon information and belief, based upon CPD records, that Plaintiff was arrested. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26. **Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.**

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. **Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.**

ANSWER:    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. **On January 16, 2007 Plaintiffs [sic] case was dismissed after a finding of no probable cause.**

ANSWER:    The City admits, upon information and belief, based upon documents in the City's possession, that the charge for possession of a controlled substance against Plaintiff was dismissed for a finding of no probable cause. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

29. **As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.**

**ANSWER:** The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

### Count IV – Intentional Infliction of Emotional Distress

30. **Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.**

**ANSWER:** The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 30.

31. **Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.**

**ANSWER:** The City admits the allegations contained in this paragraph.

32. **Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiffs [sic] innocence, and amount to extreme and outrageous conduct against Plaintiff.**

**ANSWER:** The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. **Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.**

**ANSWER:** The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

34. **As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.**

**ANSWER:** The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in this paragraph.

## Count V – State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

**35.  Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded herein.**

**ANSWER:** The City's answers to paragraphs 1 through 12 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 35.

**36.  Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.**

**ANSWER:** The City states that the allegation that "public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment[,]" is a vague, incomplete and/or inaccurate statement of the City's liability under Illinois law; therefore, this allegation is denied.

**37.  At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.**

**ANSWER:** The City admits, upon information and belief, based upon CPD records, that the named Defendant Officers were employees of the CPD and acting within the scope of their employment when they arrested Plaintiff on December 28, 2006. Defendant City states that the allegation that it "is liable as principal for all torts committed by Defendant Officers" is a vague, incomplete and/or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law; therefore, this allegation is denied. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its favor on Plaintiff's complaint, award Defendant City of Chicago such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. The City is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

5. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

**JURY DEMAND**

Defendant City of Chicago respectfully requests a trial by jury.

                                             Respectfully submitted,

                                             MARA S. GEORGES
                                             Corporation Counsel
                                             City of Chicago

                               By:    /s/ Thomas J. Aumann
                                       THOMAS J. AUMANN
                                       Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LEE, | ) | |
| | ) | **No. 07 C 7280** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE ASPEN |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and CHICAGO POLICE OFFICER R.H. WILKE III, Star No. 5310, and CHICAGO POLICE OFFICER D.E. GUZMAN, Star No. 12877, | ) ) ) ) | Magistrate Judge Valdez |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

To:  Jeffrey B. Granich                    Mary McDonald
     Law Offices of Jeffrey B. Granich      Assistant Corporation Counsel
     53 West Jackson Boulevard              30 North LaSalle Street
     Suite 840                              Suite 1400
     Chicago, Illinois  60604               Chicago, Illinois  60602
     jeffreygranich@mac.com                 mary.mcdonald@cityofchicago.org

**PLEASE TAKE NOTICE** that on this 4th day of March, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the above persons at the above listed e-mail addresses this 4th day of March, 2008.

/s/ Thomas J. Aumann
THOMAS J. AUMANN
Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
Attorney No. 06282455